UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK A. MCKENZIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-1790** |
| **LAFOURCHE PARISH SHERIFFS OFFICE, LAFOURCHE DETENTION CENTER, CRAIG DENISON, ROBERT CAFFEREY, CONRAD CARRUSO** | **SECTION "C"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On August 23, 2012, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff and counsel for the defendants participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Rec. Doc. No. 11. The plaintiff was sworn prior to testifying. The hearing was digitally recorded.

## I. Factual and Procedural Background

### A. The Complaint

The plaintiff, Frank A. McKenzie, ("McKenzie") was a prisoner housed in the Lafourche Parish Detention Center in Thibodaux, Louisiana, at the time of the filing of this *pro se* and *in forma pauperis* complaint under 42 U.S.C. § 1983. McKenzie filed his complaint against the Lafourche Parish Sheriffs Office ("LPSO"), the Lafourche Parish Detention Center ("LPDC"), Deputy Craig Denison ("Denison"), Deputy Robert Cafferey ("Cafferey"), and Deputy Conrad Carruso ("Carruso").

McKenzie alleges that, on May 15, 2012, he spoke with a Lieutenant Denise Boudreaux at the LPDC about being moved off of E-block away from another prisoner. He claims that he was moved to the library without handcuffs or leg shackles. After 20 minutes, he was told to get his mattress and belongings, and he complied. He asked Deputies Denison, Carruso, and Cafferey to where he was being moved. He was told that he was being moved to A-block, which is the tier that housed convicted Louisiana Department of Corrections ("DOC") inmates.

McKenzie asserts that he was a pretrial detainee who should not have been housed with DOC inmates, so he told them he did not want to go. He requested that the deputies take him to "confinement," and they told him he would be taken to A-block. The officers then told him to put his mattress and belongings down. When he dropped the mattress, Deputy Denison grabbed him by the back of the neck and Deputies Carruso and Cafferey grabbed his arms and legs. They dragged him on the concrete to the hallway leading into the A-block.

While there, the deputies beat him and then dragged him to cell three in A-block. McKenzie claims that Lieutenant Boudreaux, Detective Corey Brooks and several inmates watched the whole incident. He claims that he sustained numerous unspecified injuries. McKenzie did not request any specific relief other than to receive proper documents to file his suit.

### B.     The *Spears* Hearing

McKenzie stated that, on March 15, 2012[3] around 11:30 p.m., he asked to be moved off of E-block, because of a disagreement with another inmate, Hakeem Dreams (spelled phonetically). Lieutenant Boudreaux put him in the library. Then they wanted to move him to A-block with the DOC inmates. He did not want to go there because he was a pretrial detainee charged with possession of narcotics and other charges. He told them that he would not go and that he wanted to go to protective custody. The deputies told him that they would make him go. The deputies then told him to put his things down. When he did, Deputy Denison grabbed him with Deputy Cafferey's assistance. They forced him down the hall towards A-block. He saw Detective Brooks and asked him to make them stop. Once on A-block, Deputies Denison, Caffery, and Carruso punched him and then dragged him to cell three.

McKenzie denied that he was resisting, although he did tell them he refused to go to A-block. He repeated that Deputy Denison just grabbed him and hit him. The deputies dragged him into the hall between the two doors leading to A-block. While he was on the ground, Denison punched him in the back of the head and they dragged him through the gate to A-block. He said his foot got caught in one of the gates. They then dragged him to cell three.

He stated that Detective Brooks and Lieutenant Boudreaux were there during the entire event and could be witnesses. He clarified that he has no claims or complaints against these two officers. McKenzie also stated that he sued the jail and the sheriff's office, because he thought that he had to include them in order to sue the three deputies. He has no claims against those entities.

McKenzie filed a grievance form and the warden provided him with a § 1983 form to file suit. He was told that his complaints would be investigated. He did not receive any further information

---

[3]Although in the Complaint the plaintiff alleges the incident occurred on May 15, 2012, he stated March 15, 2012 during the Spears Hearing.

other than it was being investigated. He did not receive any disciplinary actions as a result of this incident.

He received injuries to his neck, back and shoulder, in addition to his foot that was caught in the door. He concedes that his neck and back already had injuries from prior multiple gunshot wounds, and they would never be normal. He also stated that he still has trouble with his left shoulder. The x-rays showed he had arthritis and a slight separation in the shoulder that he did not have before this incident. He has received medical care for the shoulder from the nurses at the prison and the doctor, who visits the prison once a week. The nurses told him that he can see the prison doctor on request, but he will have to wait to see a specialist after he is released. His last medical care visit was about 25 days prior to the hearing, just before he was temporarily moved to a facility in Basile, Louisiana. He stated that he was there for about 25 days , and that he had just returned to LPDC the day before the hearing. His criminal trial was set in September of 2012.

Counsel for defendants informed the Court that any video of the incident from the prison would have been captured by about seven different cameras in several different areas. Counsel was to provide the Court with a compact disc of the various clips from the numerous cameras if they could be located.

## II. Standard of Review under Fed. R. Civ. P. 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See*, *e.g.*, *Silas v. Sears, Roebuck*

*& Co.*, 586 F.2d 382, 386 & n.4 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 709 n.2 (5th Cir. 1976). In this case, the plaintiff is without counsel and is responsible for the prosecution of his case.

**III.    Analysis**

As outlined above, the Court held a *Spears* Hearing with McKenzie on August 23, 2012.[4] The Court issued a Minute Entry to memorialize the hearing.[5] A copy of the Minute Entry was mailed to McKenzie by the Clerk of Court on August 31, 2012, at his address of record at the Lafourche Parish Detention Center. On October 2, 2012, the envelope was returned to the Clerk of Court marked "Return to Sender - Attempted - Not Known - Unable to Forward."[6]

The Minute Entry was mailed to McKenzie at the only address he has provided to the Court. McKenzie has failed to provide the Court with his current contact information as required by L.R. 11.1. McKenzie was made aware of his continuing obligation to keep the Court informed of his whereabouts as reflected in paragraph VI on page six of his Complaint, where he signed the Plaintiff's Declaration on June 25, 2012.[7]

Contrary to these mandates, McKenzie has not notified the Court of his current address, and he otherwise has not contacted the Court about his case since the hearing in August of 2012. In accordance with L.R. 41.3.1, McKenzie's failure to provide his current address within 35 days of the Court's mail having been returned is cause for dismissal of his complaint for failure to prosecute.

McKenzie has not made the necessary effort to prosecute this case. Accordingly, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

---

[4]Rec. Doc. No. 11.

[5]*Id.*

[6]Rec. Doc. No. 12.

[7]Rec. Doc. No. 1, p.6.

**IV.	Recommendation**

It is therefore **RECOMMENDED** that McKenzie's § 1983 complaint against the defendants, Lafourche Parish Sheriffs Office, the Lafourche Parish Detention Center, Deputy Denison, Deputy Cafferey, and Deputy Carruso, be **DISMISSED WITH PREJUDICE** for failure prosecute pursuant to Fed. R. Civ. P. 41(b).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 28th day of November, 2012.

	KAREN WELLS ROBY
	UNITED STATES MAGISTRATE JUDGE

---

[8] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.